## Meeker *versus* Brackney.

In an action before a justice of the peace, against a constable, for a false return, a recognisance in the following words, "defendant gives bail, which is entered on the docket, for the sum of $100, J. W. B., bail;" cannot be supported as a recognisance of bail for an appeal.

ERROR to the Common Pleas of *Susquehanna county.*

This was a *scire facias* by John W. Brackney against David L. Meeker, reciting a recognisance of bail for an appeal from the judgment of a justice of the peace. The defendant pleaded *nul tiel record.*

In support of the plaintiff's case, he gave in evidence the following transcript from the docket of B. M. Gage, a justice of the peace, of a suit by David L. Meeker, the plaintiff, against Mark Sutton, a constable, for a false return:—

D. L. MEEKER     Nov. 16th 1854, Summons issued for the
     *v.*      neglect of duty, returnable the 22d inst., at
MARK SUTTON.   1 P. M.

Nov. 22, 1854, Summons returned, "served personally," and parties appeared. Nov. 25, 1854, Judgment rendered for plaintiff, for thirty-six dollars and eighty-five cents and costs ($36.85).

(Costs, $8.16.)

December 9th, 1854, Defendant gives bail, which is entered on the docket, for the sum of One Hundred Dollars.

                        J. W. BRACKNEY, Bail.

I hereby certify the above to be a true copy from my Docket.

                    B. M. GAGE, J. P. [L. S.]

Silver Lake, Dec. 9th, 1854.

*Bentley & Fitch*, for the plaintiff in error.—The recognisance is radically defective; it does not show the purpose for which it was taken; and it has no condition: Donaldson *v* Cunningham, 13 *S. & R.* 245; Caldwell *v.* Brindle, 1 *Jones* 293; Donley *v.* Brownlee, 7 *Barr* 109.

*Little & Post*, for the defendant in error, cited Okeson *v.* Shirlock, 9 *W. & S.* 144; Moore *v.* McBride, 1 *Penn. R.* 148; Williamson *v.* Mitchell, *Id.* 9; Frost *v.* Roatch, 6 *Wh.* 359.

PER CURIAM.—A recognisance is a contract of record, with a

[Meeker v. Brackney.]

condition. What is the condition of this one? There is nothing on the record to show. It is said, that the cause was carried to court by appeal, and therefore the condition must have been that the principal should prosecute his appeal according to law. But no appeal is entered on the justice's docket, and therefore it does not appear that the bail was for an appeal. We cannot supply the defects of the recognisance, by subsequent acts between the original parties to the suit. It is said, that no bail is admissible in a suit against a constable for neglect of duty, except bail for an appeal. But the justice and the bail may have been ignorant of this. If we should presume they knew all that the law required, we should have a ready way of correcting all bad recognisances. When sitting in error, the presumption that the justice knows the law, is not very availing.

　　　　　Judgment reversed, and judgment for the defendant
　　　　　below, with costs.